UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

REBECCA BRAY, THOMAS STEPHANOS,
JUSTIN McSIMOV, DAN FENNESSEY and
ALLEN REGAR,

                        Plaintiffs,

  -against-                                                                 04 CV 8255 (WHP)(RLE)

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE OFFICERS JOHN AND JANE DOE
(names and number of whom are unknown
at present) and other unidentified
members of the NEW YORK CITY POLICE
DEPARTMENT,

                        Defendants.

------------------------------------------------------------------------X

## PLAINTIFFS' STATEMENT PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1 of the Civil Rules of this Court, plaintiffs REBECCA BRAY, THOMAS STEPHANOS, JUSTIN McSIMOV, DAN FENNESSEY and ALLEN REGAR submit in support of their motion for summary judgment the following as to which there is no genuine issue to be tried:

    1. Plaintiffs REBECCA BRAY, THOMAS STEPHANOS, JUSTIN McSIMOV, DAN FENNESSEY and ALLEN REGAR are citizens of the United States and on September 24, 2004 each were the owners of and possessed a property interest respectively in five two-wheeled bicycles ("bicycles"). Plaintiffs' not only use their bicycles for recreational purposes, but as

primary means of transportation. Plaintiff Rebecca Bray uses her bicycle for transportation to and from work (Ex. 1, Bray Aff. 10/18/04 ¶2)[1]. Thomas Stephanos is employed as a bicycle messenger and uses his bicycle for work and as a primary means of transportation (Ex. 2, Stephanos Aff. 10/18/04 ¶2). Justin McSimov uses his bicycle for recreational purposes (Ex. 3, McSimov Aff. 10/18/04 ¶2). Dan Fennessey is a construction consultant and uses his bicycle for daily commuting and as a primary means of transportation (Ex. 4, Fennessey Aff. 10/18/04 ¶2). Allen Regar uses his bicycle for transportation to and from work (Ex. 5, Regar Aff. 10/18/04 ¶2).

2. On September 24, 2004 each of the plaintiffs participated in a bicycle ride known as Critical Mass (Ex. 1, Bray Aff. 10/18/04 ¶3; Ex. 2, Stephanos Aff. 10/18/04 ¶3; Ex. 3, McSimov Aff. 10/18/04 ¶3; Ex. 4, Fennessey Aff. 10/18/04 ¶4; Ex. 5, Regar Aff. 10/18/04 ¶3).

3. On September 24, 2004, each of the plaintiffs was on East 36th Street between Fifth and Sixth Avenues when they dismounted from their bicycles and locked the bicycles on the sidewalk to lampposts, parking meters and/or stop signs. Each of the plaintiffs then left the immediate scene. (Ex. 1, Bray Aff. 10/18/04 ¶4; Ex. 2, Stephanos Aff. 10/18/04 ¶4; Ex. 4, Fennessey Aff. 10/18/04 ¶6; Ex. 5, Regar Aff. 10/18/04 ¶4).

4. Plaintiff Rebecca Bray returned to find her bicycle surrounded by three officers who proceeded to saw off her kryptonite chain and lock with a power saw and seize her bicycle (Ex. 1, Bray Aff. 10/18/04 ¶5, 6).

5. Plaintiff Thomas Stephanos returned twenty minutes later to find his chain lock had

---

[1] Reference to "Ex. __" are to the relevant Exhibits which are annexed to the Declaration of Steven J. Hyman, dated November 30, 2004, submitted herewith.

2

been cut and his bicycle was leaning against a wall in police custody (Ex. 2, Stephanos Aff. 10/18/04 ¶5, 6).

6. Plaintiff Justin McSimov returned ten minutes later and saw a policeman guarding his bicycle. The police officer cut through the lock and took it into custody (Ex. 3, McSimov Aff. 10/18/04 ¶5-8).

7. Plaintiff Dan Fennessey returned 20-30 minutes later, and was advised by bystanders that his bicycle had been seized by the police. Mr. Fennessey's lock was cut in half (Ex. 4, Fennessey Aff. 10/18/04 ¶7, 8).

8. Plaintiff Allen Regar returned ten minutes later to find that his bicycle had been seized. (Ex. 5, Regar Aff. 10/18/04 ¶5, 6).

9. At the time plaintiffs' bicycles were seized, no plaintiff received any notice of any charges against them with regard to riding his or her bicycle or securing their bicycle to a lamp post, parking meter or stop sign nor with any process for recovering such bicycle once in police custody and control (Ex. 6, Bray Aff. 10/28/04 ¶4, 7; Ex. 7, Stephanos Aff. 10/26/04 ¶4, 7; Ex. 8, McSimov Aff. 10/28/04 ¶4, 7; Ex. 9, Fennessey Aff 10/26/04 ¶4, 6; Ex. 10, Regar Aff. 10/28/04 ¶4, 7; Ex. 11, Albano Decl. 10/25/04 ¶ 16).

10. Each of the plaintiffs were deprived of their property and were only able to retrieve their bicycles from defendants on an *ad hoc* basis either at the 7th precinct or at the Property Clerk's Brooklyn Storage Facility in Brooklyn, New York (Ex. 2, Stephanos Aff. 10/18/04 ¶7; Ex. 3, McSimov Aff. 10/18/04 ¶9; Ex. 4, Fennessey Aff. 10/18/04 ¶9; Ex. 5, Regar Aff. 10/18/04 ¶8).

3

11. Plaintiffs' bicycles were in Police custody anywhere from three hours to three weeks. Rebecca Bray's bicycle was in police custody for approximately twenty-four days, it was returned to her on October 18, 2004 (Ex. 1, Bray Aff. 10/18/04 ¶7, 8; Ex. 12, 10/27/04 Transcript). Thomas Stephanos' bicycle was in Police custody for three to four hours (Ex. 2, Stephanos Aff. 10/18/04 ¶8). Justin McSimov's bicycle was in Police custody for approximately three hours (Ex. 3, McSimov Aff. 10/18/04 ¶9). Dan Fennessey's bicycle was in police custody for three and a half days (Ex. 4, Fennessey Aff. 10/18/04 ¶9). Allen Regar's bicycle was in police custody for approximately eleven days (Ex. 5, Regar Aff. 10/18/04 ¶7, 8, and 10), and his helmet was in custody for twenty-one days (Ex. 5, Regar Aff. 10/18/04 ¶9).

12. Defendants alleged basis for seizing plaintiffs' bicycles under Administrative Code 16-122 was not articulated in any document or otherwise communicated to plaintiffs until defendants filed their Answer to plaintiffs' Complaint on October 25, 2004 (Ex. 13, Defendant's Answer with Counterclaim).

13. Plaintiffs filed a Complaint on October 20, 2004 claiming that their bicycles were taken by defendants without due process of law (Ex. 14, Complaint).

14. On October 27, 2004 a Preliminary Injunction Hearing was held (Ex. 12, 10/27/04 Transcript).

15. On October 28, 2004 this Court by the Honorable William H. Pauley granted plaintiffs a preliminary injunction (Ex. 15, Decision, dated 10/28/04).

Dated: New York, New York
      November 30, 2004

*Norman Siegel*
NORMAN SIEGEL (NS/6850)
260 Madison Avenue - 18th Floor
New York, NY 10016
(212) 532-7586

McLAUGHLIN & STERN, LLP

By: _____
STEVEN J. HYMAN (SJH 2097)
260 Madison Avenue
New York, NY 10016
(212) 448-1100

Attorneys for Plaintiffs